UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOANNE TRAVIS &
SYLVIA SMITH

VERSUS                                                             CIVIL ACTION

JACOB LAICHE, ET AL                                      NO. 07-695-JVP-CN

## RULING

This matter is before the court on a resubmitted and sufficient motion for summary judgment by defendants, Jacob Laiche, Darren Ramirez, and John Little (doc. 36), the first motion having been denied for failure to comply with Local Rule 56.1. The motion is opposed by plaintiffs, Joanne Travis and Sylvia Smith (doc. 37). Jurisdiction is based upon 28 U.S.C. § 1331. There is no need for oral argument.

Plaintiffs, Joanne Travis and Sylvia Smith, filed suit against Officers Jacob Laiche, Darren Ramirez, and John Little of the Plaquemine Police Department, alleging entitlement to damages for unlawful arrest on September 15, 2006. Claims "incidental" to plaintiffs' false arrest claims are enumerated by plaintiffs as follows: failure to exercise reasonable care when transporting plaintiffs; assaulting and battering plaintiffs; harassing plaintiffs; cause plaintiffs physical and emotional injury; and general acts of negligence (doc. 37, p. 1).

In compliance with Local Rule 56.1, defendants have submitted the following

1

statement of uncontested material facts (doc. 36-3):

1. On the night in question, Ms. Smith and Ms. Travis attended the Plaquemine High football game to watch Ms. Travis' son play ball, and thereafter proceeded to McDonald's, which is the customary place for the team to meet after the game.

2. There were approximately 20-30 kids inside the restaurant that night.

3. Ms. Smith stayed in her car in the parking lot while Ms. Travis accompanied her son and his friends inside the restaurant.

4. Defendants were patrolling when they received word over the radio that Detective Riley of the Plaquemine Police Department was making an arrest of a suspect in the McDonald's parking lot.

5. At that time, defendants proceeded to McDonald's.

6. When defendants arrived, the parking lot was crowded with people and vehicles.

7. In an effort to control the scene, Officer Little approached the different groups of people standing outside, including plaintiffs, and instructed them to either get into their cars and leave or go inside to dine, but they could not remain in the parking lot, as doing so not only impeded the ability of new patrols to enter and dine in the restaurant, but also posed a potential threat to the officers who were assisting in the arrest of the suspect.

8. When Officer Little made his way back around, plaintiffs were still standing there.

9. Although instructed by Officer Little to leave the premises, plaintiffs remained in the parking lot to observe the arrest of the subject, which is exactly

      what the officers were trying to prevent.

10. In addition to not leaving the premises when first ordered to do so, while on their way out of the parking lot, Ms. Smith, the driver of the vehicle, stopped her vehicle and instructed the crowd to relocate, stating, "Everybody need[s] to go to Burger King."

11. Ms. Smith pointed her finger in Officer Little's face while he was attempting to issue her a misdemeanor summons.

Once in receipt of plaintiffs' original and insufficient "Statement of Contested Material Facts," the court acknowledged having given defendants an opportunity to resubmit their motion and, in fairness, allowed plaintiffs to either comply with Local Rule 56.2 by filing a statement of *facts* to which there exists a genuine issue to be tried or defendants' submitted undisputed facts would be deemed admitted (doc. 39). In response, plaintiffs filed the following "Statement of Material Facts" (doc. 40):

1. Defendants cannot arrest Plaintiffs without probable cause since the Plaintiffs were not in violation of any laws and/or ordinances at the time of arrest.

2. Defendants had no right to arrest Plaintiffs for calling the police; that is not probable cause.

3. Defendant officers had a duty to maintain the safety of the Plaintiffs while they were in their custody. However, Defendant officers did not do so, thereby causing injury to the Plaintiffs.

4. Defendants have no right to ask Plaintiffs to leave the parking lot or to arrest them because they suggested that Burger King was a better place to bring their business.

    5.    Although Plaintiff, Sylvia Smith, has had preexisting injuries, the Defendants are liable unto Plaintiffs for any aggravation of said injuries.

    6.    Plaintiffs have suffered emotional distress as a result of the incident complained of.

    7.    Defendant officers assaulted the Plaintiffs.

    8.    Defendant officers committed battery upon the Plaintiffs.

Plaintiffs' statement of "facts" is a series of conclusions of law. Completely absent is an actual *fact* as to which plaintiffs contend there exists a genuine issue to be tried, or an actual allegation *fact* that contravenes those submitted by defendants. Even though defendants' facts are therefore deemed admitted pursuant to Local Rule 56.2, the court nevertheless concludes that summary judgment is inappropriate.

    Defendants' submitted *material* facts establish that after being instructed by Officer Little to either leave the McDonald's parking lot or go inside to dine, plaintiffs were still present in the parking lot when Officer Little "made his way back around" and then remained on the premises to observe the arrest of a third-party individual. As she was leaving the parking lot, Ms. Smith instructed "the crowd" to relocate to another fast-food establishment and then pointed her finger in Officer Little's face as he attempted to issue her a misdemeanor summons. Though not included in defendants' established facts, the attached arrest reports indicate that Ms. Smith

was arrested for disturbing the peace, resisting an officer, and simple assault, and that Ms. Travis was arrested for disturbing the peace, simple assault, and filing a false crime report.

It is clear from Officer Little's Incident Report that, though he claims to have advised that he was arresting Ms. Smith for disturbing the peace, he ultimately arrested her for actions allegedly exhibited during the issuance of a written summons for disturbing the peace.  The question becomes, then, whether a genuine issue of fact exists as to Officer Little's purported probable cause to arrest Ms. Smith for "threatening" him while issuing her the summons.[1]  According to Officer Little's report, Ms. Smith pointed her finger in his face several times, screamed at him to put his ticket book down, growled at him twice, hit his ticket book with her finger, shook her left fist at him, yelling, "I'm not going to touch your ticket book, I'm going to punch you in the mouth" (doc. 36-4, p. 30).  In deposition, however, Ms. Smith denied touching or otherwise threatening Officer Little (doc. 36-4, p. 45).  She also denied hitting his ticket book (doc. 36-4, p. 44).  The only *established material fact* is that she pointed her finger at the officer.  This is insufficient to merit summary judgment on this issue.

Though defendants argue the justification for Ms. Travis' arrest (for making a

---

[1] As noted in Officer Little's report, "AFTER ARRIVING AT THE POLICE DEPARTMENT [,] SMITH TOLD ME THAT WE ARRESTED THEM FOR NOTHING.  I EXPLAINED TO SMITH [THAT] SHE WAS UNDER ARREST FOR DISTURBING THE PEACE AT MCDONALD'S AND WAS ONLY GOING TO BE ISSUED A MISDEMEANOR SUMMONS FOR DISTURBING THE PEACE UNTIL SHE THREATENED TO PUNCH ME IN MY MOUTH" (doc 36-4, p. 31).

false, misleading or unfounded crime report), they have offered no undisputed material facts relative thereto. And even had they done so, because there is a genuine issue as to probable cause to arrest Ms. Smith, there is necessarily a genuine issue as to Ms. Travis' alleged representation to the Sheriff's department that defendants were harassing her and her mother.

As to the issue of qualified immunity, movants merely cite the legal test for immunity and note defendants' eligibility for protection under the doctrine. Movants argue generally that "even if a constitutional deprivation occurred in this case, which is clearly unsupported by the evidence, these defendants are insulated under the doctrine of qualified immunity because a reasonable person, in their position, would not have known that their actions, which were permitted by law, violated plaintiffs' clearly defined constitutional or statutory rights" (doc. 36-2, p. 14). Other than essentially stating that "it is so," defendants fail to direct the court to any jurisprudence or other source to support their blanket claim that "all other reasonable police officers in these circumstances would know that their actions in arresting plaintiffs would violate plaintiffs' federal rights" (doc. 36-2, p. 14). Accordingly, the court concludes that they have failed to carry their burden on summary judgment.

Finally, because defendants have failed to offer any undisputed material facts as to plaintiffs' "incidental claims,"[2] the court cannot properly determine whether

---

[2] These claims include failure to exercise reasonable care when transporting plaintiffs, assault and battery, physical and emotional injury, and other general acts of negligence.

6

summary judgment is appropriate as to those claims.

Baton Rouge, Louisiana, September 15, 2009.

                                      JAMES J. BRADY, JUDGE
                                      UNITED STATES DISTRICT COURT
                                      MIDDLE DISTRICT OF LOUISIANA